**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SEPRACOR INC., | |
| Plaintiff, | |
| v. | **C.A. No. 06-604-KAJ** |
| DEY, L.P. and DEY, INC., | |
| Defendants. | |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.2, counsel submit a joint proposed discovery plan for the Court's consideration. This joint proposed discovery plan contains two separate proposed discovery plans with each party's proposals contained therein. Two discovery plans are proposed because Dey has filed a motion to consolidate this action with Civil Action No. 06-113-KAJ ("Dey I") and to utilize the Dey I Scheduling Order for the consolidated case. *See* D.I. 57. Sepracor does not oppose the general concept of consolidation; however, it opposes maintaining the Dey I Scheduling Order of the consolidated action. *See* D.I. 70. Accordingly, both parties' proposals are identified herein.

**IN THE EVENT CONSOLIDATION IS GRANTED**

In the event the Court grants Dey's motion to consolidate this action with Dey I, the parties propose that the following dates for the indicated paragraphs of the joint discovery plan.

      1.      <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.

The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **within five days of the date of the Court's Scheduling Order**. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery).

      2.      <u>Joinder of Other Parties and Amendment of Pleadings</u>.

SEPRACOR'S PROPOSAL:  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **January 8, 2007**.

DEY'S PROPOSAL:  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **January 8, 2007**.

      3.      <u>Discovery</u>.

      a.      <u>Limitation on Hours for Deposition Discovery</u>.

SEPRACOR'S PROPOSAL:  Each side is limited to a total of **210 hours** of taking fact testimony by deposition upon oral examination.

DEY'S PROPOSAL:  Each side is limited to a total of **140 hours** of taking fact testimony by deposition upon oral examination.

      b.      <u>Location of Depositions</u>.

The parties agree that they will make reasonable efforts to agree on the location of depositions of any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court.  If after making such reasonable efforts the parties cannot agree, the deposition will be required to occur at a place designated within this district.  Exceptions to this general rule may be

made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

        c.        <u>Limitation on Number of Interrogatories</u>.

SEPRACOR'S PROPOSAL:  Each side may propound a maximum of **75 interrogatories**.  The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

DEY'S PROPOSAL:  Each side may propound a maximum of **50 interrogatories**.  The parties are to supplement the interrogatories already propounded in Dey I to include the product which is the subject of this action.  The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

        d.        <u>Discovery Cut Off</u>.

SEPRACOR'S PROPOSAL:  All discovery in this case shall be initiated so that it will be completed on or before **November 2, 2007**.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

DEY'S PROPOSAL:  All discovery in this case shall be initiated so that it will be completed on or before **July 2, 2007**.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

        e.        <u>Disclosure of Expert Testimony</u>.

The parties shall serve their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before the date of the completion of discovery, and file supplemental disclosures to contradict or rebut evidence on the same

subject matter identified by another party sixty (60) days before the completion of discovery.

To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   f.  <u>Discovery Disputes</u>.

Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference. Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.) Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it. Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

   4.  <u>Application to Court for Protective Order</u>.

Counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, and thus counsel shall confer and attempt to reach an agreement on a proposed form of order and submit it to

the Court within ten (10) days from the date of this Court's Scheduling Order.  Should

counsel be unable to reach an agreement on a proposed form of order, the counsel must

first follow the provisions of Paragraph 3e, above.

Any proposed order should include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the
> disclosure of information in this case, the Court does not intend
> to preclude another court from finding that information may be
> relevant and subject to disclosure in another case.  Any person
> or party subject to this order who becomes subject to a motion
> to disclose another party's information designated
> "confidential" [the parties should list any other level of
> designation, such as "highly confidential," which may be
> provided for in the protective order] pursuant to this order shall
> promptly notify that party of the motion so that the party may
> have an opportunity to appear and be heard on whether that
> information should be disclosed.

5.     <u>Papers Filed Under Seal</u>.

When filing papers under seal, counsel should deliver to the Clerk an original and

one copy of the papers.

6.     <u>Settlement Conference</u>.

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate

for the purpose of exploring the possibility of a settlement.

7.     <u>Interim Status Report</u>.

SEPRACOR'S PROPOSAL:  On **September 4, 2007**, counsel shall submit a

letter to the Court with an interim report on the nature of the matters in issue and the

progress of discovery to date.

DEY'S PROPOSAL:  On **May 3, 2007**, counsel shall submit a letter to the Court

with an interim report on the nature of the matters in issue and the progress of discovery

to date.

8.    <u>Status Conference</u>.

SEPRACOR'S PROPOSAL:  On **September 10, 2007**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **9:30 a.m.**

DEY'S PROPOSAL:  On **May 10, 2007**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **4:30 p.m.**

Plaintiff's counsel shall initiate the telephone call.

If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order they may so notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off of the Court's calendar.

9.    <u>Tutorial Describing the Technology and Matters in Issue</u>.

SEPRACOR'S PROPOSAL:  By **June 11, 2007**,  the parties shall submit a tutorial on the technology at issue.  In that regard, each party may submit a videotape of not more than 30 minutes.  If the parties choose to present the tutorial in person in lieu of a videotape, then such tutorial will be presented on **June 11, 2007**, beginning at **9:30 a.m.**

DEY'S PROPOSAL:  By **February 9, 2007**, the parties shall submit a tutorial on the technology at issue.  In that regard, each party may submit a videotape of not more than 30 minutes.  If the parties choose to present the tutorial in person in lieu of a videotape, then such tutorial will be presented on **February 9, 2007**, beginning at **9:30 a.m.**

In either event, the tutorial should focus on the technology in issue and should not be used to argue the parties' claims construction contentions.  If the parties choose to file

videotapes, they should be filed under seal as part of the Court's file, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's videotape tutorial. Any such comment shall be filed within ten (10) days of submission of the videotapes.

      10.   <u>Case Dispositive Motions</u>.

      SEPRACOR'S PROPOSAL: All case dispositive motions, opening briefs, and affidavits, if any, in support of such motions shall be served and filed by **December 3. 2007**.

      DEY'S PROPOSAL: All case dispositive motions, opening briefs, and affidavits, if any, in support of such motions shall be served and filed by **August 1, 2007**.

      Briefing will be presented pursuant to the Court's Local Rules.

      11.   <u>Claim Construction Issue Identification</u>.

      SEPRACOR'S PROPOSAL: If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **October 15, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on or before **December 3, 2007**.

      DEY'S PROPOSAL: If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **June 15, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s). This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on or before **August 1, 2007**.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

12.    <u>Claim Construction</u>.

SEPRACOR'S PROPOSAL:  The parties shall submit to the Court opening briefs on claim construction on or before **December 3, 2007**, and responsive briefs on claim construction on **December 17, 2007**, to be considered by the Court in connection with the parties' summary judgment motions.

DEY'S PROPOSAL:  The parties shall submit to the Court opening briefs on claim construction on or before **August 1, 2007**, and responsive briefs on claim construction on **August 15, 2007**, to be considered by the Court in connection with the parties' summary judgment motions.

13.    <u>Hearing on Claim Construction</u>.

SEPRACOR'S PROPOSAL:  On **March 3, 2008 beginning at 9:30 a.m.**, the Court will hear evidence and argument on claim construction and dispositive motions.

DEY'S PROPOSAL:  On **October 5, 2007 beginning at 9:30 a.m.**, the Court will hear evidence and argument on claim construction and dispositive motions.

14.    <u>Applications by Motion</u>.

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15.    <u>Pretrial Conference</u>.

SEPRACOR'S PROPOSAL:  On **May 16, 2008**, the Court will hold a Final Pretrial Conference in Chambers with counsel **beginning at 4:30 p.m.**  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  Sepracor proposes that the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Court's Scheduling Order on or before **April 16, 2008**.

DEY'S PROPOSAL:  On **January 16, 2008**, the Court will hold a Final Pretrial Conference in Chambers with counsel **beginning at 4:30 p.m.**  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  Dey proposes that the parties shall file with the Court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Court's Scheduling Order on or before **December 17, 2007**.

16.    <u>Motions *in Limine*</u>.

Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be

limited to five *in limine* requests, unless otherwise permitted by the court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of five (5) pages of argument and may be opposed by a maximum of five (5) pages of argument.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single five (5) page submission, unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

      17.    <u>Trial</u>.

      SEPRACOR'S PROPOSAL:  This matter is scheduled for a bench trial **beginning at  9:30 a.m. on  June 25, 2008**.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **33 hours** to present their case.

      DEY'S PROPOSAL:  This matter is scheduled for a bench trial **beginning at 9:30 a.m. on February 25, 2008**.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **22 hours** to present their case.

## IN THE EVENT CONSOLIDATION IS DENIED

In the event the Court denies Dey's motion to consolidate this action with Dey I, the parties propose that the following dates for the indicated paragraphs of the joint discovery plan.

1.    <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard</u>.

The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) **within five days of the date of the Court's Scheduling Order**. The parties have reviewed the Court's Default Standard for Discovery of Electronic Documents, which is posted at http://www.ded.uscourts.gov (*see* Orders, etc., Policies & Procedures, Ad Hoc Committee for Electronic Discovery).

2.    <u>Joinder of Other Parties and Amendment of Pleadings</u>.

SEPRACOR'S PROPOSAL:  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **April 7, 2007**.

DEY'S PROPOSAL:  All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **January 8, 2007**.

3.    <u>Discovery</u>.

a.    <u>Limitation on Hours for Deposition Discovery</u>.

SEPRACOR'S PROPOSAL:  Each side is limited to a total of **140 hours** of taking fact testimony by deposition upon oral examination.

DEY'S PROPOSAL:  Each side is limited to a total of **140 hours** of taking fact testimony by deposition upon oral examination.

b.    <u>Location of Depositions</u>.

The parties agree that they will make reasonable efforts to agree on the location of depositions of any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court, unless otherwise ordered by the Court.  If after making such reasonable efforts the parties cannot agree, the deposition will be required to occur at a place designated within this district.  Exceptions to this general rule may be made by order of the Court.  A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purposes of this provision.

c.    <u>Limitation on Number of Interrogatories</u>.

SEPRACOR'S PROPOSAL:  Each side may propound a maximum of **50 interrogatories**.  The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

DEY'S PROPOSAL:  Each side may propound a maximum of **50 interrogatories**.  The parties recognize that the Court encourages them to serve and respond to contention interrogatories early in the case.

d.    <u>Discovery Cut Off</u>.

SEPRACOR'S PROPOSAL:  All discovery in this case shall be initiated so that it will be completed on or before **February 4, 2008**.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

DEY'S PROPOSAL:  All discovery in this case shall be initiated so that it will be completed on or before **July 2, 2007**.  Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

   e. <u>Disclosure of Expert Testimony</u>.

  The parties shall serve their Federal Rule of Civil Procedure 26(a)(2) disclosures of expert testimony on or before ninety (90) days before the date of the completion of discovery, and file supplemental disclosures to contradict or rebut evidence on the same subject matter identified by another party sixty (60) days before the completion of discovery.

  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

   f. <u>Discovery Disputes</u>.

  Should counsel find they are unable to resolve a discovery dispute, the party seeking the relief shall contact chambers at (302) 573-6001 to schedule a telephone conference.  Not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  (The Court does not seek extensive argument or authorities at this point; it seeks simply a statement of the issue to be addressed and a summary of the basis for the party's position on the issue.)  Not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition. Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.  Disputes over protective orders are to be addressed in the first instance in accordance with this paragraph.

4.      <u>Application to Court for Protective Order</u>.

Counsel find it necessary to apply to the Court for a protective order specifying

terms and conditions for the disclosure of confidential information, and thus counsel shall

confer and attempt to reach an agreement on a proposed form of order and submit it to

the Court within ten (10) days from the date of this Court's Scheduling Order.  Should

counsel be unable to reach an agreement on a proposed form of order, the counsel must

first follow the provisions of Paragraph 3e, above.

Any proposed order should include the following paragraph:

<u>Other Proceedings</u>.  By entering this order and limiting the
disclosure of information in this case, the Court does not intend
to preclude another court from finding that information may be
relevant and subject to disclosure in another case.  Any person
or party subject to this order who becomes subject to a motion
to disclose another party's information designated
"confidential" [the parties should list any other level of
designation, such as "highly confidential," which may be
provided for in the protective order] pursuant to this order shall
promptly notify that party of the motion so that the party may
have an opportunity to appear and be heard on whether that
information should be disclosed.

5.      <u>Papers Filed Under Seal</u>.

When filing papers under seal, counsel should deliver to the Clerk an original and

one copy of the papers.

6.      <u>Settlement Conference</u>.

Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate

for the purpose of exploring the possibility of a settlement.

7.    <u>Interim Status Report</u>.

SEPRACOR'S PROPOSAL:  On **December 3, 2007**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

DEY'S PROPOSAL:  On **May 3, 2007**, counsel shall submit a letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date.

8.    <u>Status Conference</u>.

SEPRACOR'S PROPOSAL:  On **December 10, 2007**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel **beginning at 4:30 p.m.**

DEY'S PROPOSAL:  On **May 10, 2007**, the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel **beginning at 4:30 p.m.**

9.    <u>Tutorial Describing the Technology and Matters in Issue</u>.

SEPRACOR'S PROPOSAL:  By **September 10, 2007**, the parties shall submit a tutorial on the technology at issue.  In that regard, each party may submit a videotape of not more than 30 minutes.  If the parties choose to present the tutorial in person in lieu of a videotape, then such tutorial will be presented on **September 10, 2007, beginning at 9:30 a.m.**

DEY'S PROPOSAL:  By **February 9, 2007**, the parties shall submit a tutorial on the technology at issue.  In that regard, each party may submit a videotape of not more than 30 minutes.  If the parties choose to present the tutorial in person in lieu of a videotape, then such tutorial will be presented on **February 9, 2007, beginning at 9:30 a.m**.

10.    <u>Case Dispositive Motions</u>.

SEPRACOR'S PROPOSAL:  All case dispositive motions, opening briefs, and affidavits, if any, in support of such motions shall be served and filed by **March 3, 2008**.

DEY'S PROPOSAL:  All case dispositive motions, opening briefs, and affidavits, if any, in support of such motions shall be served and filed by **August 1, 2007**.

Briefing will be presented pursuant to the Court's Local Rules.

11.    <u>Claim Construction Issue Identification</u>.

SEPRACOR'S PROPOSAL:  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **January 15, 2008**, the parties shall exchange a list of those claim term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on or before **March 3, 2008**.

DEY'S PROPOSAL:  If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, on **June 15, 2007**, the parties shall exchange a list of those claim term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on or before **August 1, 2007**.

The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claims(s) in issue, and should include each of the party's proposed construction of the disputed claim language with citations(s) only to the intrinsic evidence in support of their respective proposed constructions.  Copies of the patent(s) in issue as well as those portions of the intrinsic record relied upon are to be submitted with this Joint Claim Construction Chart.

In this joint submission, the parties shall provide no argument.

    12.    <u>Claim Construction</u>.

SEPRACOR'S PROPOSAL:  The parties shall submit to the Court opening briefs on claim construction on or before **March 3, 2008**, and responsive briefs on claim construction on **March 17, 2008**, to be considered by the Court in connection with the parties' summary judgment motions.

DEY'S PROPOSAL:  The parties shall submit to the Court opening briefs on claim construction on or before **August 1, 2007**, and responsive briefs on claim construction on **August 15, 2007**, to be considered by the Court in connection with the parties' summary judgment motions.

    13.    <u>Hearing on Claim Construction</u>.

SEPRACOR'S PROPOSAL:  On **June 3, 2008 beginning at 9:30 a.m.**, the Court will hear evidence and argument on claim construction and dispositive motions.

DEY'S PROPOSAL:  On **October 5, 2007 beginning at 9:30 a.m.**, the Court will hear evidence and argument on claim construction and dispositive motions.

    14.    <u>Applications by Motion</u>.

Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk.  Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    15.    <u>Pretrial Conference</u>.

SEPRACOR'S PROPOSAL:  On **August 18, 2008**, the Court will hold a Final Pretrial Conference in Chambers with counsel **beginning at 4:30 p.m.**  Unless otherwise

ordered by the Court, the parties should assume that filing the pretrial order satisfies the

pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  Sepracor

proposes that the parties shall file with the Court the joint proposed final pretrial order

with the information required by the form of Final Pretrial Order which accompanies this

Court's Scheduling Order on or before **July 17, 2008**.

DEY'S PROPOSAL:  On **January 16, 2008**, the Court will hold a Final Pretrial

Conference in Chambers with counsel **beginning at 4:30 p.m.**  Unless otherwise ordered

by the Court, the parties should assume that filing the pretrial order satisfies the pretrial

disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  Dey proposes that

the parties shall file with the Court the joint proposed final pretrial order with the

information required by the form of Final Pretrial Order which accompanies this Court's

Scheduling Order on or before **December 17, 2007**.

16.     Motions *in Limine*.

Motions *in limine* shall not be separately filed.  All *in limine* requests and

responses thereto shall be set forth in the proposed pretrial order.  Each party shall be

limited to five *in limine* requests, unless otherwise permitted by the court.  The *in limine*

request and any response shall contain the authorities relied upon; each *in limine* request

may be supported by a maximum of five (5) pages of argument and may be opposed by a

maximum of five (5) pages of argument.  If more than one party is supporting or

opposing an *in limine* request, such support or opposition shall be combined in a single

five (5) page submission, unless otherwise ordered by the Court.  No separate briefing

shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     <u>Trial</u>.

SEPRACOR'S PROPOSAL:  This matter is scheduled for a bench trial beginning at **9:30 a.m. on September 25, 2008**.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **22 hours** to present their case.

DEY'S PROPOSAL:  This matter is scheduled for a bench trial **beginning at 9:30 a.m. on February 25, 2008**.  For the purpose of completing pretrial preparations, counsel should plan on each side being allocated a total of **22 hours** to present their case.

November 28, 2006

THE BAYARD FIRM

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Ashley B. Stitzer (as3891)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899-5130
(302) 655-5000
rkirk@bayardfirm.com

Attorneys for Plaintiff,
SEPRACOR INC.

ASHBY & GEDDES

/s/ Steven J. Balick (sb2114)
Steven J. Balick (#2114)
John G. Day (#2403)
Tiffany Geyer Lydon (#3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

Attorneys for Defendants,
 DEY, L.P. and DEY, INC.

OF COUNSEL for Plaintiff,
SEPRACOR INC.:

Jack M. Stover
Jayson R. Wolfgang
BUCHANAN INGERSOLL & ROONEY PC
One South Market Square
213 Market Street, 3rd Floor
Harrisburg, PA 17101-2121
(717) 237-4800
stoverjm@bipc.com
wolfgangjr@bipc.com

Todd R. Walters
Susan M. Dadio
Barbara Webb Walker
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
(703) 836-6620
walterstr@bipc.com
dadiosm@bipc.com

OF COUNSEL for Defendants,
DEY, L.P. and DEY, INC.:

Edgar H. Haug
Kimberly J. McGraw
FROMMER, LAWRENCE & HAUG L.L.P.
745 Fifth Avenue
New York, New York  10151
(212) 588-0800
ehaug@flhlaw.com
kmcgraw@flhlaw.com

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG L.L.P.
1667 K Street, N.W.
Washington, D.C.  20006
(202) 292-1530
eleff@flhlaw.com