# THE BAYARD FIRM
### A T T O R N E Y S

222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
Zip Code For Deliveries: 19801

�industrial MERITAS LAW FIRMS WORLDWIDE
www.bayardfirm.com
302-655-5000
(Fax) 302-658-6395

Writer's Direct Access
(302) 429-4208
rkirk@bayardfirm.com

June 12, 2007

FILED ELECTRONICALLY

The Honorable Mary Pat Thynge
United States District Court for the District of Delaware
844 North King Street, Lock Box 8
Wilmington, DE 19801

> RE:   *Sepracor Inc. v. Dey, L.P. and Dey, Inc.,*
> <u>C.A. Nos. 06-113-*** & 06-604-*** (Consolidated Cases)</u>

Dear Magistrate Judge Thynge:

On behalf of Sepracor Inc. ("Sepracor"), this letter responds to the letter of June 11, 2007 sent to you by defendants Dey, L.P. and Dey, Inc. (collectively, "Dey") regarding certain of Sepracor's responses to interrogatories which Dey alleges "the parties were unable to reach agreement on . . . ." (D.I. 155, at 1 ¶ 2.)

The particular responses that Dey has raised in its letter (D.I. 155) stem from Dey's second and third set of interrogatories. It remains Sepracor's position that its responses to these interrogatories were fully responsive and appropriate. Nevertheless, having taken very seriously Your Honor's comments in the recent telephone conferences about "the parties cooperation" (D.I. 148, at 24), Sepracor's counsel contacted Dey's counsel on May 14, 2007 to arrange a meet and confer telephone conference on Dey's asserted complaints. LETTER TO LEFF FROM DADIO DATED MAY 14, 2007 (Exh. A). During this telephone conference, Sepracor's counsel engaged in a substantial discussion regarding Sepracor's detailed responses and, where applicable, Sepracor's difficulties in attempting to interpret those interrogatories that were viewed as vague, ambiguous and/or overly broad. *See, e.g.,* LETTER TO LEFF FROM DADIO DATED MAY 22, 2007 (Exh. B) *and* LETTER TO DADIO FROM LEFF DATED MAY 23, 2007 (Exh. C). As Sepracor agreed during the meet and confer, it would supplement Interrogatory Nos. 19, 24, 28, and 41. Sepracor has been working towards providing Dey with the information that it agreed to during the telephone conference. Sepracor believes that it will be able to provide Dey with this supplemental information by the end of next week.

The particular interrogatory responses that Dey has presented to the Court in its letter of June 11th (D.I. 155) are addressed herein more specifically.

THE BAYARD FIRM

**Interrogatory Nos. 29, 43, and 44:** An example of Dey's overly broad interrogatory requests include Interrogatory Nos. 29, 43, and 44. These interrogatories request that Sepracor "[i]dentify each document or communication concerning" various Sepracor studies that were referenced during the prosecution of the patents-in-suit. EXCERPTS FROM DEY'S SECOND AND THIRD SET OF INTERROGATORIES (Exh. D) (emphasis added).[1] Dey defined the term "each" to mean "all and each," and defined the term "concerning" to mean "relating to, referring to, describing, evidencing, or constituting."[2] INSTRUCTIONS AND DEFINITIONS (Exh. E). As in common with innovator pharmaceutical companies, a large volume of documents "concern" studies that the innovator companies undertake. Thus, Sepracor undertook an extensive search of documents to ensure that its responses to Dey's Interrogatory Nos. 29, 43, and 44 were complete. Now, Dey criticizes Sepracor for its completeness by accusing it of "document dumping." This criticism is not well-founded. It must be assumed that Dey knew what it was asking for when it sought "each" document or communication "concerning" the studies in the respective declarations presented during prosecution of the patents-in-suit. This assumption is supported by the fact that when Dey simply wanted the identification of a particular study, it specifically and clearly asked for this more limited information. *See* Exh. D (Interrogatory No. 28).

The other aspect of Dey's criticism of Sepracor's responses to Interrogatory Nos. 29, 43, and 44 involves a mischaracterization of Sepracor's application of Rule 33(d). Sepracor has not invoked Rule 33(d) for Dey to determine which document "concerns" the studies. As discussed in great detail during our telephone conference, Sepracor believes that each document identified in the response "concerns" the studies at issue. Rather, Sepracor's application of Rule 33(d) was for the specific purpose of the sheer volume of information, which included over seven categories of information, that Dey's instructions require for when a document is "identified." *See* Exh. C. In identifying "each" document "concerning" the particular studies, Sepracor responded with the document title and bates ranges for the documents. The burden of deriving the remaining categories of information from the documents is substantially the same for Dey (given the information Sepracor provided in its response) as would be for Sepracor. Accordingly, invoking Rule 33(d) for this specific purpose is appropriate.

**Interrogatory No. 28**: It is unclear what relief Dey seeks with respect to Interrogatory No. 28. Sepracor's response was discussed during the meet and confer. Based upon the information available to Sepracor at the time, it responded fully to this interrogatory. In light of our meet and confer, Sepracor is diligently investigating whether there is any additional information to provide to Dey in this regard. Sepracor cannot simply make up an answer Dey may want. If additional non-privileged information is available, Sepracor has already informed Dey that it will promptly supplement its response. *See* Exh. B. Thus, there does not appear to be any issue here that the parties have been "unable to reach agreement on."

---

[1] Dey's Third Set of Interrogatories were incorrectly numbered. Thus, Interrogatory Nos. 41 and 42 in Exh. D are Interrogatory Nos. 43 and 44 as discussed in the parties' letters.

[2] The instructions indicated that the term "or" was to "be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside its scope." Exh. E.

THE BAYARD FIRM

**Interrogatory No. 24**: After considerable discussion during the meet and confer, Sepracor explained its objections were in great part an attempt to articulate the difficulties Sepracor was facing with regard to understanding what information Dey was seeking by such request. In its letter of May 23rd, Dey provided Sepracor with a modified understanding of the information it sought by such request. *See* Exh. C. Dey's modified description is still not completely clear to Sepracor. Nonetheless, it has been working to determine if there is any information that it could provide to Dey in this regard. Dey was previously informed that Sepracor would supplement its response should non-privileged information be available. *See* Exh. B.

**Interrogatory Nos. 21-23**: Here, Dey requests Sepracor to provide it with information about Sepracor's supposed contention. However, as described in its responses and during the telephone conference, Sepracor does not (as Dey has set forth in its requests) contend that the undesirable side effects identified in response to Interrogatory No. 20 are reduced or eliminated by administration of R(-) isomer. Sepracor has provided Dey, in its responses, with its contentions in this regard. Thus, Sepracor cannot provide Dey with a response to an interrogatory which contains an incorrect explicit assumption. In its June 11th letter, Dey attempts to characterize Sepracor's claims and thus Sepracor's contention. Dey's characterization is simply incorrect. Sepracor discussed during the telephone conference that the claim must be read as a whole. As evidenced by Dey's use of ellipses when quoting the claims, Dey refuses to read the claims as whole. Moreover, Dey's statement as to the term that Sepracor defined in the specification of the patent-in-suit is incorrect. Rather, the specification defines "optically pure" R(-) isomer of albuterol.

In summary, Sepracor has agreed to supplement Interrogatory Nos. 19, 24, 28, and 41 if additional non-privileged information is available. Thus, contrary to Dey's allegations, there does not appear to be disagreement between the parties in those instances. As to Sepracor's responses to the remaining two groups of interrogatories (Interrogatory Nos. 29, 43, and 44 as well as Interrogatory Nos. 21-23) addressed by Dey, Sepracor respectfully requests that the Court deny Dey's request as Sepracor has fully and appropriately responded to each of these interrogatory requests.

Respectfully submitted,

*Richard D Kirk/ass*

Richard D. Kirk

Enclosure
cc:     Original to Court, by hand
        All counsel of record as shown on attached service list

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 12, 2007, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Steven J. Balick, Esquire
John G. Day, Esquire
Tiffany Geyer Lydon, Esquire
Ashby & Geddes
500 Delaware Avenue, 8th Floor
PO Box 1150
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on June 12, 2007, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

Edgar H. Haug, Esquire              Elizabeth A. Leff, Esquire
Kimberly J. McGraw, Esquire          Frommer, Lawrence & Haug L.L.P.
Frommer, Lawrence & Haug L.L.P.      1667 K. Street, N.W.
745 Fifth Avenue                     Washington, D.C. 20006
New York, NY 10151

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

629446-1

# Exhibit A

# Buchanan Ingersoll ⩍ Rooney PC

P.O Box 1404
Alexandria, VA  22313-1404

1737 King Street, Suite 500
Alexandria, VA  22314-2727

T 703 836 6620
F 703 836 2021

www.buchananingersoll.com

**Susan M. Dadio**
703 838 6531
susan.dadio@bipc.com

May 14, 2007

Elizabeth A. Leff, Esq.                                   **Via Electronic Mail**
Frommer Lawrence & Haug, LLP
1667 K Street, N.W.
Suite 500
Washington, D.C.  20006

> Re:   *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
> Civil Action Nos. 06-113-*** & 06-604-*** (Consolidated Cases)

Dear Elizabeth:

It was our understanding from our conference call with Magistrate Judge Thynge earlier today that counsel are to meet and confer in order to attempt to resolve the issues raised in Dey's letter of May 11, 2007 before seeking Court's assistance. We can be available Wednesday afternoon, May 16, 2007, to discuss these issues. Please let us know if you are available on that date and, if so, what time would be convenient for a conference call.

Sincerely,

Buchanan Ingersoll & Rooney PC

Susan M. Dadio

SMD/lp

cc:  John S. Goetz

Pennsylvania :: New York :: Washington, DC :: Virginia :: Florida :: New Jersey :: Delaware :: Ohio :: California

# Exhibit B

# Buchanan Ingersoll & Rooney PC
### Attorneys & Government Relations Professionals

P.O. Box 1404
Alexandria, VA 22313-1404

1737 King Street, Suite 500
Alexandria, VA 22314-2727

**Susan M. Dadio**
703 838 6531
susan.dadio@bipc.com

T 703 836 6620
F 703 836 2021

www.buchananingersoll.com

May 22, 2007

Elizabeth A. Leff, Esq.
Frommer Lawrence & Haug, LLP
1667 K Street, N.W.
Suite 500
Washington, D.C. 20006

**VIA ELECTRONIC MAIL**

Re:  *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*
     Civil Action Nos. 06-113-*** & 06-604-*** (Consolidated Cases)

Dear Elizabeth:

Sepracor took its discovery obligations in responding to Dey's second and third set of interrogatories very seriously and believe that its responses are fully responsive and appropriate. We also took very seriously Magistrate Judge Thynge's comments on May 14, 2007 regarding the parties cooperation with one another. It was in this spirit of cooperation that we immediately contacted you on May 14th to propose a date to discuss the issues raised in Dey's letter of May 11, 2007. It was similarly in this spirit of cooperation that we engaged in such a substantial discussion with you about Sepracor's detailed responses and, where applicable, Sepracor's difficulties in attempting to interpret those interrogatories that were viewed as vague, ambiguous, and/or overly broad.

A brief discussion of the specifics for each of the interrogatories addressed in our telephone conference and our follow-up responses are set forth below:

I.    Interrogatory No. 19

Dey has alleged that Sepracor's response to Interrogatory No. 19 is insufficient because it does not identify any specific unexpected results, fails to identify any basis for unexpected results, and fails to identify persons in connection with these unexpected results. We completely disagree. As discussed in length during our telephone conference, we identified the information contained in the patents-in-suit and their respective prosecution files. We also listed, by citation including authors, title, and journal citation, a number of publications which identify unexpected results and provide the scientific basis for the unexpected results. Nonetheless, you have requested that we articulate in list form unexpected results upon which patentability was based. While we believe that Sepracor's response to Interrogatory No. 19 was appropriate and without

Elizabeth A. Leff, Esq.
May 22, 2007
Page - 2 -

waiving any of Sepracor's objections, we will in the spirit of cooperation supplement our
response to provide you with this requested list.

II.    Interrogatory Nos. 21-23

Dey has accused Sepracor for "playing word games rather than respond[ing] to these
interrogatories. As discussed in our telephone conference, this accusation is completely
unfounded. Sepracor can not respond to a contention interrogatory that does not accurately
articulate its contention. Sepracor could have appropriately said no more than this in its
response. However, Sepracor went above and beyond by informing Dey, in the last two
sentences of its response, what Sepracor's contentions are in this regard. During our telephone
discussion on this issue, you indicated that you did not read those last two sentences. We trust
now that this has been highlighted to you that your concerns with Sepracor's responses to
Interrogatory Nos. 21-23 are moot.

III.   Interrogatorey No. 24

Dey has asserted that Sepracor's response to Interrogatory No. 24 "is a masterwork of
obfuscation." We maintain, as discussed in our call, that it is the interrogatory request itself that
is the source of obfuscation. During our discussion on this point that Dey could not precisely
articulate what it is seeking by asking this interrogatory. Nonetheless, it is our understanding,
after our lengthy discussion in connection with this interrogatory, that Dey is attempting to know
if Sepracor is aware of any document or publication that reports a study which may take the
results from the limited number of patients in that study and extrapolate those results into an
overall general percentage for the population of patients using racemic albuterol. Please let me
know if this understanding is correct. If our understanding is not correct, please provide us with
a detailed explanation in writing so that we can properly understand the request. Once we are
certain that we are both of the same understanding, we will, without waiving any of Sepracor's
objections, supplement this response accordingly.

IV.    Interrogatory No. 28

Dey has asked a series of questions about Sepracor's response to Interrogatory No. 28.
We do not necessarily believe that this is an appropriate forum for Dey to seek additional
information that it should either obtain in further requests or in a deposition. Nonetheless, in the
spirit of cooperation and without waiving any of its objections including Sepracor's objection to
Dey's approach in this regard, we are consulting with our client to attempt to obtain answers to
your inquiries and will supplement Sepracor's response accordingly.

Elizabeth A. Leff, Esq.
May 22, 2007
Page - 3 -

V.     Interrogatory Nos. 29, 43, and 44

Dey objects to all of the information that Sepracor provided to Dey in response to
Interrogatory Nos. 29, 43, and 44. However, as discussed during our telephone conference, Dey
asked for all of this information when it asked for "*each* document or communication
concerning" (emphasis added) and when it defined the term "concerning" in the overly broad
fashion that it did in its instructions and definitions. During our telephone conference, you
mentioned that Dey did not know how to ask for the information it was seeking in any other way.
However, as we mentioned, Dey certainly knew how to craft an interrogatory request to
specifically obtain information about one of Sepracor's studies when this was in fact what it
sought to obtain. In this regard, we once again direct your attention to a comparison between
Interrogatory No. 28 and Interrogatory Nos. 29, 43, and 44.

Further, during our telephone discussion, you had indicated that we should have been
able to interpret what it was that Dey was seeking. As we mentioned, we have walked this
dangerous road in the past with respect to responses to Dey's interrogatories to only get burned.
In light of this past experience and the seriousness to which we took our obligations in being
fully responsive and appropriate with our responses, our respective responses set forth a listing
of what it was that Dey asked for in its request.

Additionally, Dey has objected to Sepracor's proper invocation of Rule 33(d). Rule 33(d)
was properly invoked because of the undue nature of imposing upon Sepracor what Dey could
just as easily obtain on its own. In particular, Dey's instructions provide a whole host of
information that is to be provided when a document is "identified." These instructions go way
beyond Sepracor's obligations under the Federal Rules of Civil Procedure and an appropriate
objection has thus been entered. In its response to Interrogatory Nos. 29, 43, and 44, Sepracor
provided the title of the particular documents and the bates number ranges. Sepracor has
produced its documents to Dey in tiff images for Dey's purposes of using available technology
for holding and searching Sepracor's document production. Dey can therefore just as easily
search for the listed documents by title or bates number range and obtain the rest of the
identifying material that Dey's instructions set forth. Even if Dey chooses not to use the
technology that it has previously indicated that it is using, Dey could also review hard copies of
the identified documents which have been produced and obtain the identifying information just
as easily as Sepracor. This type of situation is exactly the circumstances under which Rule 33(d)
is properly invoked.

Elizabeth A. Leff, Esq.
May 22, 2007
Page - 4 -

VI.     Interrogatory No. 41

Dey has argued that Sepracor has not fully responded to this interrogatory.  We cdisagree. As discussed during our telephone conference, we informed you that there is no response with regard to UK Patent 1,200,886 as Bayer AG never brought this reference to Sepracor's attention. We will also confirm any response regarding UK Patent 1,298,494.  In the spirit of cooperation and without waiving any of its objections, Sepracor will then supplement its response accordingly - even if this means that we simply state that there is no response as discussed above.

Sincerely,

BUCHANAN INGERSOLL & ROONEY PC

Susan M. Dadio

SMD/lp

# Exhibit C

**FROMMER LAWRENCE & HAUG** LLP

Washington DC
1667 K Street NW
Washington, DC 20006
Telephone: (202) 292-1530
Fax: (202) 292-1531

www.flhlaw.com
New York
Tokyo

May 23, 2007

**Elizabeth A. Leff**
ELeff@flhlaw.com

**VIA E-MAIL**
Susan M. Dadio, Esq.
Buchanan Ingersoll & Rooney PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727

Re:    *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*

Dear Susan:

This will respond to your letter of May 22 which was e-mailed to me at 11:45 PM. Dey is disappointed that the letter did not provide Sepracor's supplemental responses, but rather states Sepracor will supplement certain responses. We believe Magistrate Judge Thynge was quite clear when in giving Sepracor an additional two weeks to respond to the interrogatories, she required that Sepracor provide adequate information in its responses. Sepracor's promise to supplement its response rather than actually providing a response is yet another delay in providing to Dey the information it is entitled to. Without taking the time now to respond to everyone of your statements about what was said during the parties' meet and confer conference, I would like to make clear that I disagree with your characterizations. I address each of your follow-up responses below.

Interrogatory No. 19: Please let me know when Dey can expect Sepracor's response. We request it be provided by 5:00 PM on May 25, which is nine weeks after the interrogatory was first propounded.

Interrogatory Nos. 21-23: First, let me correct the record. I never stated that I did not read the last two sentences of Sepracor's response. Indeed, my colleagues and I read the responses several times to try to discern what Sepracor meant by its response. As stated in Dey's May 11 letter to Magistrate Judge Thynge, and as I stated during our meet and confer telephone conference, Interrogatories Nos. 21-23 are very clear. For example, Interrogatory No. 21 requests "of the undesirable side effect(s) identified in response to Interrogatory No. 20, identify each undesirable side effect that Sepracor contends is reduced or eliminated by the administration of R(-) isomer." Interrogatory No. 20 requested Sepracor to identify each undesirable side effect caused through the use of racemic albuterol. In addition Dey defined the R(-) isomer of albuterol to mean "albuterol which is composed of at least 90% of the R(-) isomer of albuterol and a maximum of 10% of the S(+) isomer of albuterol." Accordingly, Dey is asking Sepracor to identify which undesirable side effects Sepracor is referring to when it states "[i]t is Sepracor's contention that an individual or patient obtains a reduction in undesirable side effects through use of optically pure R(-) isomer of albuterol as compared to the undesirable side effects that would be caused through use of racemic albuterol in an amount that would provide

00452920

Susan M. Dadio, Esq.
May 23, 2007
Page 2

the same desired effect." I do not know how Dey could be more clear about what is being requested. The same is true for Interrogatory Nos. 22 and 23. If we do not receive an adequate response to Interrogatory Nos. 21-23 by 5:00 PM on Friday, May 25, we intend to seek assistance from the Court.

Interrogatory No. 24: Dey is requesting Sepracor to identify the percentage of patients using albuterol that exhibit side effects. These percentages will likely be based on studies, tests, surveys. For example, Table 2 in the Xopenex label SEP0112136 identifies the percentages of individuals exhibiting certain adverse effects from racemic albuterol. Dey is requesting that Sepracor provide this type of information for all side effects caused through the use of racemic albuterol along with the identity of any documents supporting those percentages.

Interrogatory No. 28: Dey has not "asked a series of questions about Sepracor's response." The issue raised is clear. The response to Office Action referred to in the interrogatory states "applicants" undertook "clinical trials directed toward determining tremorgenicity in humans." In its response, Sepracor identified a single clinical trial performed by individuals other than the applicants. Dey has requested confirmation that this is the only study referred to in the cited Response to the Office Action. Contrary to your statement, Dey is not seeking "additional information" it is simply asking for confirmation that a complete response to the interrogatory was provided given the discrepancy between what was said in the Response to Office Action (more than one trial done by applicants) and Sepracor's interrogatory response.

Interrogatory Nos. 29, 43 and 44: Putting aside your rhetoric, each of these interrogatories requests Sepracor to identify documents or communications concerning the studies discussed in specific declarations. It is apparent that each of the over 500 documents identified by Sepracor does not concern the specific studies identified in the specific declarations referred to in each interrogatory. Moreover, there appears to be a misunderstanding regarding Dey's objection to Sepracor evoking Rule 33(d). Dey's objection to the use of Rule 33(d) did not relate to the information Sepracor provided regarding the identity of each document. Rather it was addressed to Sepracor's apparent position that it is up to Dey to go through some 500 plus documents and determine those that correspond to the studies discussed in the declarations identified in each interrogatory. Sepracor is in a far better position to determine which of the over 500 documents listed by Sepracor are responsive to each of the interrogatories.

Dey continues to believe what is requested in Interrogatory Nos. 29, 43 and 44 is clear. If Sepracor does not provide a response that lists only the documents that concern the specific studies discussed in the specific declarations identified in each interrogatory by 5:00 PM on Friday, May 25, Dey will seek the assistance of the Court.

Susan M. Dadio, Esq.
May 23, 2007
Page 3

<u>Interrogatory No. 41</u>:  We understand Sepracor's response to be that Bayer AG never brought
UK Patent 1,200,886 to Sepracor's attention.  With respect to UK Patent 1,298,494, we
understand that you will provide a response.  Please do so by 5:00 PM on May 25.

Very truly yours,

Elizabeth A. Leff

//gr

00452920

# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| SEPRACOR, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-113-*** (MPT) |
| | ) | (Consolidated) |
| DEY, L.P. AND DEY, INC. | ) | |
|     Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' SECOND SET OF INTERROGATORIES TO PLAINTIFF

In accordance with Federal Rule of Civil Procedure 33, Defendants Dey, L.P., and Dey, Inc. (collectively "Dey") request that Plaintiff, Sepracor, Inc. ("Sepracor"), answer the following interrogatories within thirty (30) days of service. To the extent that the answer to any of these interrogatories changes between the time of Sepracor's initial response and the time of trial, Dey requests pursuant to Federal Rule of Civil Procedure 26(e) that Sepracor amend or supplement the answers to reflect such changes within a reasonable period of time after such information is acquired.

### Definitions & Instructions

The Definitions portion and Instructions portion of Defendants' First Set of Interrogatories are incorporated herein by reference. The Definitions are supplemented as follows:

Z.      The phrase "patents-in-suit" means the '755 patent, the '994 patent, the '090 patent, the '002 patent, and the '993 patent.

**INTERROGATORY NO. 24:**

For each undesirable side effect identified in response to Interrogatory No. 20, state the percentage of patients using racemic albuterol that exhibit that side effect and identify all supporting evidence for that percentage, including but not limited, to documents, articles, samples, investigations, tests, measurements, analyses, opinions, surveys, and testimony.

**INTERROGATORY NO. 25:**

For each undesirable side effect identified in response to Interrogatory No. 21, identify (i) each test, study, research, or other investigation—conducted prior to January 5, 1990 by, or on behalf of, Sepracor—concerning that side effect or the reduction or elimination of that side effect as a result of the use of the R(-) isomer of albuterol and (ii) the date Sepracor first became aware of that side effect being reduced or eliminated by the use of the R(-) isomer of albuterol.

**INTERROGATORY NO. 26:**

State the percentage of patients using racemic albuterol that do not exhibit any of the undesirable side effects identified in response to Interrogatory No. 20.

**INTERROGATORY NO. 27:**

State the percentage of patients using racemic albuterol that do not exhibit any of the undesirable side effects identified in response to Interrogatory No. 21.

**INTERROGATORY NO. 28:**

Identify each clinical trial conducted by or on behalf of Sepracor directed towards determining tremorogenicity in humans, including but not limited to the clinical trials referred to on page 3 of paper number 10, the amendment and response under 37 C.F.R. 1.111 dated November 20, 1997, in application 08/691,604, and identify the five people most knowledgeable about such clinical trials.

4

**INTERROGATORY NO. 29:**

Identify each document or communication concerning each study discussed in the declaration of Dean Handley made of record in application 08/335,480 including but not limited to all protocols, report summaries, notebooks, meeting minutes, and internal Sepracor memoranda.

**INTERROGATORY NO. 30:**

For each asserted claim of the patents-in-suit, state in detail all facts and identify all evidence supporting Sepracor's contention that the use of Dey's levalbuterol product will directly infringe that claim. Your response should include the identification of all supporting documents, samples, investigations, tests, measurements, analyses, opinions, surveys, and testimony and should identify the five people most knowledgeable about the information requested in this interrogatory.

**INTERROGATORY NO. 31:**

For each asserted claim of the patents-in-suit, state in detail all facts and identify all evidence supporting Sepracor's contention that Dey will actively induce others to directly infringe the claim. Your answer should include, but not be limited to all facts and all evidence supporting: (i) any alleged affirmative acts instructing or encouraging direct infringement and (ii) any alleged specific intent to encourage direct infringement.

**INTERROGATORY NO. 32:**

For each asserted claim in the patents-in-suit, state in detail all facts and identify all evidence supporting Sepracor's contention that Dey will contribute to the direct infringement of the claim, including but not limited to all facts and evidence supporting Sepracor's contention that levalbuterol is not suitable for substantial noninfringing uses.

- the date and circumstances under which Sepracor first learned about the Sandoz intellectual property.

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Fax: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Edgar H. Haug
John S. Goetz
FROMMER, LAWRENCE & HAUG L.L.P.
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500
ehaug@flhlaw.com
jgoetz@flhlaw.com

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG L.L.P.
1667 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 292-1530
Fax: (202) 292-1531
eleff@flhlaw.com

Dated: March 20, 2007

179059.1

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SEPRACOR, INC.,                                  )
                                                 )
              Plaintiff,                          )
              Counterclaim-Defendant             )    C.A. No. 06-113-***(MPT)
                                                 )        (Consolidated)
                                                 )
       v.                                        )
                                                 )
DEY, L.P. and DEY, INC.,                         )
                                                 )
              Defendants,                         )
              Counterclaim Plaintiffs.           )
                                                 )

## DEFENDANTS' THIRD SET OF INTERROGATORIES TO PLAINTIFF

In accordance with Federal Rule of Civil Procedure 33, Defendants Dey, L.P., and Dey, Inc. (collectively "Dey") request that Plaintiff, Sepracor, Inc. ("Sepracor"), answer the following interrogatories within thirty (30) days of service. To the extent that the answer to any of these interrogatories changes between the time of Sepracor's initial response and the time of trial, Dey requests pursuant to Federal Rule of Civil Procedure 26(e) that Sepracor amend or supplement the answers to reflect such changes within a reasonable period of time after such information is acquired.

## Definitions & Instructions

The Definitions and Instructions in Defendants' First Set of Interrogatories, and Second Set of Interrogatories, are incorporated herein by reference.

**INTERROGATORY 41:**

Identify each document or communication concerning the in vitro studies discussed in the declaration of Gunnar Aberg signed July 19, 1993 and made of record in application 07/896,725, including but not limited to all protocols, report summaries, notebooks, meeting minutes, and internal Sepracor memoranda. To the extent any of these documents or communications have been produced, your response should also identify bates numbers.

**INTERROGATORY 42:**

Identify each document or communication concerning the study of acute pulmonary effects of R-, S- or racemic albuterol in humans discussed in the declaration of Dean Allan Handley made of record in application 08/335,480 including but not limited to all protocols, report summaries, notebooks, meeting minutes, and internal Sepracor memoranda. To the extent any of these documents or communications have been produced, your response should also identify bates numbers.

**INTERROGATORY 43:**

Identify each document or communication concerning each experiment referenced in the declaration of John R. McCullough signed on January 22, 1996 and made of record in application 08/335,480, including but not limited to all protocols, report summaries, notebooks, meeting minutes, and internal Sepracor memoranda. To the extent any of these documents or communications have been produced, your response should also identify bates numbers.

2

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*
*Dey, L.P. and Dey, Inc.*

Of Counsel:

Edgar H. Haug
John S. Goetz
FROMMER, LAWRENCE & HAUG L.L.P.
745 Fifth Avenue
New York, New York 10151
(212) 588-0800

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG L.L.P.
1667 K Street, N.W.
Washington, D.C. 20006
(202) 292-1530

Dated: April 10, 2007

179597.1

3

# Exhibit E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEPRACOR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-113-KAJ |
| | ) | |
| DEY, L.P. and DEY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

In accordance with Federal Rule of Civil Procedure 33, Defendants Dey, L.P., and Dey, Inc. (collectively "Dey") request that Plaintiff, Sepracor, Inc. ("Sepracor") answer the following interrogatories within thirty (30) days of service. To the extent that the answer to any of these interrogatories changes between the time of Sepracor's initial response and the time of trial, Dey requests pursuant to Federal Rule of Civil Procedure 26(e) that Sepracor amend or supplement the answers to reflect such changes within a reasonable period of time after such information is acquired.

## INSTRUCTIONS

A. The form of the responses to Dey's interrogatories shall comply with Rule 33(b) of the Federal Rules of Civil Procedure.

B. Dey's interrogatories shall be deemed to seek responses as of the date they are served and to be continuing, requiring Sepracor to serve supplemental responses promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Any additional responsive information, or document, which becomes known to Sepracor, or Sepracor's counsel, up to and including the time of trial, shall be furnished to Dey within a reasonable time after such information becomes known. Moreover, if Sepracor, or

Sepracor's counsel acquire any information, documents or things that require an answer to be enlarged, diminished, or otherwise modified, such information, documents or things shall be supplied to Dey within a reasonable time after they are acquired.

C.  These interrogatories are intended to include all things in the possession, custody, or control of Sepracor or Sepracor's counsel, wherever located.

D.  If Sepracor finds the meaning of any term in these requests to be unclear, assume a reasonable meaning, state what meaning you are assuming, and respond on the basis of that meaning.

E.  If Sepracor has a good-faith objection to any interrogatory or any part thereof, it shall state the specific nature of the objection and whether the objection applies to the entire interrogatory or to a part of the interrogatory.  If there is an objection to any part of the interrogatory, then Sepracor shall identify the part objected to and respond to the remaining unobjectionable part.

F.  If Sepracor has a good-faith objection to any interrogatory or any part thereof based on attorney-client privilege, work-product immunity, or any other privilege or immunity, Sepracor shall provide an explanation of the basis therefore, including the specific nature of the privilege or exemption claimed and the detailed grounds for claiming such.  Each interrogatory shall be answered on the basis of Sepracor's entire knowledge after an appropriate and good-faith inquiry has been made.

### DEFINITIONS

A.  The term "Sepracor" refers to and includes Sepracor, Inc. and any predecessor or successor company or individual, and any corporation or other business entity (whether or not a separate legal entity) subsidiary to, parent of, or affiliated with Sepracor, as well as all

2

present and former principals, officers, employees, agents, representatives, and consultants of any Sepracor entity.

B. The term "document" or "documents" is used herein in a comprehensive sense as set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data. A draft or non-identical copy, including copies or reproductions contain any marking not appearing on the original or are altered from the original, is a separate document within the meaning of this term.

C. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

D. The term "describe" means to provide a detailed narrative account of the subject matter and to identify all documents and witnesses relating to the subject matter.

E. The term "identify" when used in these interrogatories in connection with a request to identify a person, means to set forth his or her: (a) full name; (b) title or position; (c) present or last known business or home address; (d) present or last known employer; and (e) for any person identified, if any of the above information was different at the time a particular interrogatory is concerned with or refers to, supply both current information and such different information as applies to the time in question.

F. The term "identify" when used in these interrogatories in connection with a request to identify a document, means to state: (a) the date; (b) the author and signatories; (c) the type, subject matter, and substance of the document; (d) the names and addresses of all other persons who received copies; (e) the custodian; (f) the present location; and (g) Sepracor's production number.

G.  "Albuterol" shall mean the chemical compound 2-(hydroxymethyl)-4-(1-hydroxy-2-tert-butylamino-ethyl)-phenol, also known as $\alpha^l$[(tert-Butylamino)methyl]-4-hydroxy-m-xylene-$\alpha$, $\alpha'$-diol, and to any salt or ester thereof.

H.  "R(-) isomer" shall mean albuterol which is composed of at least 90% of the R(-) isomer of albuterol and a maximum of 10% of the S(+) isomer of albuterol.

I.  "S(+) isomer" shall mean albuterol which is composed of at least 90% of the S(+) isomer of albuterol and a maximum of 10% of the R(-) isomer of albuterol.

J.  "The '755 patent" shall mean U.S. Patent No. 5,362,755, and any applications in the chain of applications leading to the '755 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

K.  "The '994 patent" shall mean U.S. Patent No. 5,547,994, and any applications in the chain of applications leading to the '994 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

L.  "The '090 patent" shall mean U.S. Patent No. 5,760,090, and any applications in the chain of applications leading to the '090 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

M.  "The '002 patent" shall mean U.S. Patent No. 5,884,002, and any applications in the chain of applications leading to the '002 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

N.  "The '993 patent" shall mean U.S. Patent No. 6,083,993, and any applications in the chain of applications leading to the '993 patent, and including any continuation, continuation-in-part, division, reissue or re-examination of any of the foregoing.

4

O.  "Present Action" shall mean the lawsuit entitled *Sepracor Inc. v. Dey, L.P. and Dey, Inc.*, C.A. No. 06-113-KAJ, pending in the United States District Court for the District of Delaware.

P.  "Related Litigation" shall mean any lawsuit filed by or against Sepracor Inc. concerning or relating to the '755 patent, the '994 patent, the '090 patent, the '002 patent, and/or the '993 patent, including but not limited to, the litigation captioned *Sepracor Inc. v. Breath Ltd*, Case No. 1:05-CV-06095 (N.D. Ill) and Sepracor Inc. v. Breath Ltd., Case No. 1:06-CV-10043 (D. Mass.)

Q.  The term "patents-in-suit" means any patent asserted by Sepracor in the Present Action to be infringed.

R.  "You" or "your" shall mean Sepracor Inc.

S.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

T.  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

U.  The term "relating to" means referring to, mentioning, discussing, describing, reflecting, dealing with, consisting of, constituting, comprising, concerning, evidencing, recording, or in any way pertaining to the subject, either in whole or in part, and either directly or indirectly.

V.  The terms "all" and "each" shall be construed as all and each.

W.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

5

X. The use of the singular form of any word includes the plural and vice versa.

Y. The term "including" means without limitation.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons who claim to have or you believe have personal knowledge of any fact pertaining to the claims or defenses of this litigation, and describe the subject matter of the personal knowledge possessed by each such person.

**INTERROGATORY NO. 2:**

Identify each claim of the patents-in-suit that Sepracor asserts Dey, Inc. and/or Dey, L.P. has infringed, is infringing or will infringe, and for each claim, describe in full detail (including in a claim chart) how Sepracor contends each element of each asserted claim should be construed, including, but not limited to:

    a.    identification of all statements in the specification of the patents-in-suit that Sepracor contends support its proposed construction of the claim element, including, but not limited to, citations to column and line numbers of the specification;

    b.    identification of all statements in the prosecution history of the patents-in-suit that Sepracor contends support its proposed construction of the claim, including, but not limited to, citations to document title, date, page numbers and specific statements;

    c.    identification of all other support for Sepracor's proposed claim construction, including any dictionary definitions or other publications;

6

ASHBY & GEDDES

Steven J. Balick (I.D. #2114)
John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Telephone: (302) 654-1888
Fax: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants
Dey, L.P. and Dey, Inc.*

*Of Counsel:*

Edgar H. Haug
Kimberly J. McGraw
FROMMER, LAWRENCE & HAUG L.L.P.
745 Fifth Avenue
New York, New York 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500
ehaug@flhlaw.com
kmcgraw@flhlaw.com

Elizabeth A. Leff
FROMMER, LAWRENCE & HAUG L.L.P.
1667 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 292-1530
Fax: (202) 292-1531
eleff@flhlaw.com

Dated: July 28, 2006

171717.1

12

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July, 2006, the attached **DEFENDANTS' FIRST**

**SET OF INTERROGATORIES** was served upon the below-named counsel of record at the

address and in the manner indicated:

Richard D. Kirk, Esquire                                            HAND DELIVERY
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899

Jack M. Stover, Esquire                                            VIA FEDERAL EXPRESS
Buchanan Ingersoll & Rooney PC
One South Market Square
213 Market Street, 3rd Floor
Harrisburg, PA  17101-2121

Todd R. Walters, Esquire                                          VIA FEDERAL EXPRESS
Buchanan Ingersoll & Rooney PC
1737 King Street, Suite 500
Alexandria, VA  22314-2727


/s/ *John G. Day*
_____
John G. Day